```
                 IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TEAMSTERS PENSION FUND OF PHILADELPHIA AND VICINTIY, ET AL.,<br><br>      Plaintiffs,<br><br>   v.<br><br>R.E. PIERSON CONTRACTING CO., INC.,<br><br>      Defendant. | HON. JEROME B. SIMANDLE<br><br>Civil No. 11-5051 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

   This matter comes before the Court on a motion for award of attorney fees and costs filed pursuant to Section 502(g)(2)(D) of Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2)(D) [Docket Item 10], brought by Plaintiff Teamsters Pension Fund of Philadelphia and Vicinity and Plaintiff Welfare Fund of Philadelphia and Vicinity (collectively "Plaintiffs") in connection with a default judgment entered against Defendant. For the reasons explained below, the Court will grant Plaintiffs' motion for award of attorney fees and costs in the amounts of $2,100 and $429.50, respectively.

   1.  Plaintiffs, Teamsters Pension Fund of Philadelphia and Vicinity ("Pension Fund"), are multi-employer benefit funds within the meaning Sections 3(3) and 3(7) of ERISA.  (Mot. for Att'y Fees ¶ 3.)  Plaintiffs collect contributions from various

employers towards retirement funds for union members. Defendant R.E. Pierson Contracting Co., Inc., is an employer who was required to contribute to the Pension Fund and failed to make payments for certain fringe benefits.

2. Plaintiffs filed a Complaint against Defendant alleging violations of Section 515 of ERISA, 29 U.S.C. § 1145. [Docket Item 1.] Defendant was served in a timely matter, but did not respond. [Docket Item 4.] Plaintiffs filed a request for default, which the Clerk of the Court entered. [Docket Item 5.]

3. Plaintiffs then moved for default judgment. [Docket Item 6.] This Court granted the Plaintiff's motion for default judgment to recover the fringe benefits, but denied the motion without prejudice as to attorney fees and costs because counsel needed to submit an affidavit supporting the request.

4. On August 6, 2012 Plaintiffs filed a motion for attorney fees and costs. [Docket Item 10.] This motion is unopposed.

5. Plaintiffs seek attorney fees in the amount of $2,100.00 and costs in the amount of $429.50. (Mot. for Att'y Fees ¶ 13.)

6. § 1132(g)(2)(D) provides "the court shall award the plan . . . reasonable attorney's fees and costs" for actions brought to enforce § 1145 of ERISA. The underlying action was brought pursuant to § 1145 to recover unpaid fringe benefits and triggers the mandatory fee scheme presented in § 1132(g)(2)(D). Under

2

this provision, the "award of . . . reasonable attorney's fees is mandatory for the district court, not discretionary." <u>Trustees of Amalgamated Ins. Fund v. Sheldon Hall Clothing, Inc.</u>, 862 F.2d 1020, 1023 (3d Cir.1988) citing <u>Penn Elastic Co. v. United Retail & Wholesale Emp.</u>, 792 F.2d 45, 47 (3d Cir. 1986).

7. The Court must now determine whether the requested attorney fees are reasonable.  A reasonable attorney fee is calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on the litigation. <u>United Auto. Workers Local 259 Soc. Sec. Dep't. v. Metro Auto Ctr.</u>, 501 F.3d 283, 290 (3d Cir. 2007). A request for fees must be accompanied by "fairly definite information as to hours devoted to various general activities, e.g., partial discovery, settlement negotiations, and the hours spent by various classes of attorneys." <u>Id</u>. at 291 (quoting <u>Evans v. Port Auth.</u>, 273 F.3d 346, 361 (3d Cir. 2001)).

8.  Applications for attorneys fees and expenses in this Court are governed by Local Civil Rules 54.1 and 54.2(a), requiring itemization of services rendered, dates of services, time spent and billing rates of persons rendering services.  The affidavit provided by Plaintiffs' counsel permits the Court to conclude that the requested attorney fees and costs in the instant matter were reasonable. See <u>United Auto. Workers</u>, 501 F.3d at 291. The affidavit certifies that counsel's fee is $2,100.00, which

represents 8.4 hours of work at a rate of $250.00 per hour. The activities conducted by counsel include review of file (1.0 hours), preparation and filing of complaint (1.1 hours), review of court documents; correspondence with process server (0.6 hours), prepare and file affidavit of service (0.8 hours), review of correspondence with client (0.1 hours), preparation of request for default (1.5 hours), review of correspondence with client (0.1 hours), preparation of motion for default judgment (1.4 hours) and review, prepare, and file application for default judgment (1.8 hours).  (Aff. in Supp. of Pl.['s] Mot. for Att'y Fees ¶ 9.) The affidavit submitted by Plaintiffs' counsel complies with Local Civil Rules 54.1 and 54.2.

    9.  The reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community. <u>Blum v. Stenson</u>, 465 U.S. 886, 895 (1984).  Moreover, the prevailing market rate in southern New Jersey has been found to be $250. See <u>L.J. ex rel. V.J. v. Audubon Bd. of Educ.</u>, 373 Fed. Appx. 294, 298 (3d Cir. 2010).  Therefore, since Plaintiff's counsel charged an hourly rate of $250 and completed tasks related to the litigation in a reasonable amount of time, the Court finds that this is a reasonable fee.

    10.  In addition, Plaintiffs' counsel certified that additional costs incurred amounted to $429.50.  This amount

includes a court filing fee ($350.00) and process server's fee ($79.50).  (Aff. in Supp. of Pl.['s] Mot. for Att'y Fees ¶ 10.) The Court finds that the total cost is reasonable and must be awarded to Plaintiffs.

   11.  For the foregoing reasons, the Court grants Plaintiffs' motion for award of attorney's fees and costs in the amount of $2,529.50. This amount includes $2,100 attorney's fees, and $429.50 in litigation costs. The accompanying Order for judgment will be entered.

| | |
|---|---|
| **November 19, 2012** | **s/ Jerome B. Simandle** |
| Date | Jerome B. Simandle<br>Chief U.S. District Judge |